UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| PETER HILL-RICCIUTI ) | |
| ) | |
| Plaintiff ) | |
| ) | :20-cv- |
| v. ) | |
| ) | |
| TARGET STORES, INC. AKA ) | |
| TARGET CORPORATION ) | |
| Defendant ) | SEPTEMBER 23, 2020 |

## DEFENDANT TARGET STORES, INC.'S NOTICE OF REMOVAL

**To the Judges of the United States District Court for The District of Connecticut:**

The Defendant Target Stores, Inc. aka Target Corporation, by and through its undersigned counsel, and pursuant to 28 U.S.C.A. §§1332(a) and 1441 hereby removes this action from the Superior Court, Judicial District of Litchfield at Torrington, State of Connecticut, to the United States District Court for the District of Connecticut and in support of which states as follows:

(1)     The Plaintiff served an action against Defendant Target Corporation d/b/a Target Stores Inc., on or about August 27, 2020, filed on September 3, 2020, entitled Peter Hill-Ricciuti v. Target Stores, Inc. aka Target Corporation, LLI-CV-20-6026197-S, bearing a return date of October 6, 2020 and made returnable to the Judicial District of Litchfield at Torrington. A copy of the Summons and Complaint is attached hereto as Exhibit "A".

(2)     In the Complaint, the Plaintiff Peter Hill-Ricciuti asserts claims for common law negligence and mode of operation against the Defendant alleging that the Plaintiff Peter Hill-Ricciuti sustained physical injuries and damages when he allegedly slipped and fell in the Target store in Torrington, Connecticut on September 3, 2018. The Plaintiff is claiming physical injuries, some of which are stated to be "permanent", that include injuries to his left knee. Although liability and damages are disputed by the Defendant, any award in favor of the Plaintiff

could potentially exceed the jurisdictional threshold of $75,000 given the claims made by the Plaintiff as set forth in the Complaint.

(3)  Target Stores, Inc. aka Target Corporation is a Minnesota corporation with a principal place of business in Minneapolis Minnesota.

(4)  Plaintiff Peter Hill-Ricciuti is a resident, citizen and is domiciled in Torrington, Connecticut. He provided an address of 119 Spencer Road, Torrington, Connecticut on the Summons dated August 27, 2020 and filed on September 3, 2020.

(5)  The Court has jurisdiction in the above-captioned matter, pursuant to 28 U.S.C.A. § 1332(a)(1), in that the matter is between citizens of different states and the amount in controversy potentially exceeds the sum or value of $75,000.00 based upon the claims made by the Plaintiff. Therefore, this action may be removed to the United States District Court for the District of Connecticut pursuant to 28 U.S.C.A. §§ 1332 and 1441.

(6)  This Notice of Removal is being filed within thirty (30) days of Defendant being notified of this lawsuit and Defendant Target Stores, Inc. aka Target Corporation, has complied with all requirement of 28 U.S.C.A. §1446.

WHEREFORE, Defendant Target Stores, Inc, aka Target Corporation respectfully requests that the above action be removed from the Superior Court, Judicial District of Litchfield at Torrington, State of Connecticut, to this Honorable Court.

DEFENDANT TARGET STORES, INC. AKA TARGET CORPORATION

__/s/ Dawn Neborsky  #27985_____
Dawn M. Neborsky, Esq.
Kiernan Trebach, LLP
40 Court Street
Boston, MA 02108
617-426-3900
dneborsky@kiernantrebach.com

## CERTIFICATE OF SERVICE

This is to certify that on this 23rd Day of September 2020 a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated don the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

CRAMER & ANDERSON
46 WEST STREET
PO BOX 278
LITCHFIELD, CT 067590278

                                                                       */s/ Dawn M. Neborsky*
                                                                       Dawn M. Neborsky

# EXHIBIT A

| **SUMMONS - CIVIL**<br>JD-CV-1 Rev. 2-20<br>C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a, 52-48, 52-259;<br>P.B. §§ 3-1 through 3-21, 8-1, 10-13 | **For information on ADA accommodations, contact a court clerk or go to: www.jud.ct.gov/ADA.** | **STATE OF CONNECTICUT<br>SUPERIOR COURT**<br>*www.jud.ct.gov*  |
|---|---|---|

**Instructions are on page 2.**

☐ Select if amount, legal interest, or property in demand, not including interest and costs, is LESS than $2,500.
☒ Select if amount, legal interest, or property in demand, not including interest and costs, is $2,500 or MORE.
☒ Select if claiming other relief in addition to, or in place of, money or damages.

**TO: Any proper officer**
By authority of the State of Connecticut, you are hereby commanded to make due and legal service of this summons and attached complaint.

| Address of court clerk *(Number, street, town and zip code)*<br>50 FIELD STREET, TORRINGTON, CT 06790 | Telephone number of clerk<br>( 860 ) 626 – 2100 | Return Date *(Must be a Tuesday)*<br>10/06/2020 |
|---|---|---|
| ☒ Judicial District    G.A.<br>☐ Housing Session   ☐ Number: | At *(City/Town)*<br>TORRINGTON | Case type code *(See list on page 2)*<br>Major: T    Minor: 03 |

**For the plaintiff(s) enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented *(Number, street, town and zip code)*<br>CRAMER AND ANDERSON, LLP - 46 WEST STREET, P.O. BOX 278, LITCHFIELD, CT 06759 | Juris number *(if attorney or law firm)*<br>012732 |
|---|---|
| Telephone number<br>( 860 ) 567 – 8718 | Signature of plaintiff *(if self-represented)* |

| The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book.    ☒ Yes   ☐ No | E-mail address for delivery of papers under Section 10-13 of the Connecticut Practice Book *(if agreed)*<br>CSOCHACKI@CRAMER-ANDERSON.COM |
|---|---|

| Parties | Name *(Last, First, Middle Initial)* and address of each party *(Number; street; P.O. Box; town; state; zip; country, if not USA)* | |
|---|---|---|
| **First plaintiff** | Name: HILL-RICCIUTI, PETER<br>Address: 119 SPENCER ROAD, TORRINGTON, CT 06790 | P-01 |
| **Additional plaintiff** | Name:<br>Address: | P-02 |
| **First defendant** | Name: TARGET STORES, INC. a/k/a TARGET CORP. - 1922 EAST MAIN ST., TORRINGTON, CT 06790<br>Address: A/F/S: CT CORPORATION SYSTEM - 67 BURNSIDE AVENUE, EAST HARTFORD, CT 06108-3408 | D-01 |
| **Additional defendant** | Name:<br>Address: | D-02 |
| **Additional defendant** | Name:<br>Address: | D-03 |
| **Additional defendant** | Name:<br>Address: | D-04 |

| Total number of plaintiffs: 01 | Total number of defendants: 01 | ☐ Form JD-CV-2 attached for additional parties |
|---|---|---|

**Notice to each defendant**

1. **You are being sued.** This is a summons in a lawsuit. The complaint attached states the claims the plaintiff is making against you.
2. To receive further notices, you or your attorney must file an *Appearance* (form JD-CL-12) with the clerk at the address above. Generally, it must be filed on or before the second day after the Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to appear.
3. If you or your attorney do not file an *Appearance* on time, a default judgment may be entered against you. You can get an *Appearance* form at the court address above, or on-line at https://jud.ct.gov/webforms/.
4. If you believe that you have insurance that may cover the claim being made against you in this lawsuit, you should immediately contact your insurance representative. Other actions you may take are described in the Connecticut Practice Book, which may be found in a superior court law library or on-line at https://www.jud.ct.gov/pb.htm.
5. If you have questions about the summons and complaint, you should talk to an attorney.
   **The court staff is not allowed to give advice on legal matters.**

| Date<br>08/27/2020 | Signed *(Sign and select proper box)*<br>*[signature]* | ☒ Commissioner of Superior Court<br>☐ Clerk | Name of person signing<br>CHRISTOPHER J. SOCHACKI, ESQ. |
|---|---|---|---|

| If this summons is signed by a Clerk:<br>a. The signing has been done so that the plaintiff(s) will not be denied access to the courts.<br>b. It is the responsibility of the plaintiff(s) to ensure that service is made in the manner provided by law.<br>c. The court staff is not permitted to give any legal advice in connection with any lawsuit.<br>d. The Clerk signing this summons at the request of the plaintiff(s) is not responsible in any way for any errors or omissions in the summons, any allegations contained in the complaint, or the service of the summons or complaint. | For Court Use Only<br>File Date |
|---|---|

| I certify I have read and understand the above: | Signed *(Self-represented plaintiff)* | Date | Docket Number |
|---|---|---|---|

**Instructions**

1. Type or print legibly. If you are a self-represented party, this summons must be signed by a clerk of the court.
2. If there is more than one defendant, make a copy of the summons for each additional defendant. Each defendant must receive a copy of this summons. Each copy of the summons must show who signed the summons and when it was signed. If there are more than two plaintiffs or more than four defendants, complete the Civil Summons Continuation of Parties (form JD-CV-2) and attach it to the original and all copies of the summons.
3. Attach the summons to the complaint, and attach a copy of the summons to each copy of the complaint. Include a copy of the Civil Summons Continuation of Parties form, if applicable.
4. After service has been made by a proper officer, file the original papers and the officer's return of service with the clerk of the court.
5. Use this summons for the case type codes shown below.
   Do not use this summons for the following actions:
   (a) Family matters (for example divorce, child support, custody, paternity, and visitation matters)
   (b) Any actions or proceedings in which an attachment, garnishment or replevy is sought
   (c) Applications for change of name
   (d) Probate appeals
   (e) Administrative appeals
   (f) Proceedings pertaining to arbitration
   (g) Summary Process (Eviction) actions
   (h) Entry and Detainer proceedings
   (i) Housing Code Enforcement actions

**Case Type Codes**

| MAJOR DESCRIPTION | CODE Major/Minor | MINOR DESCRIPTION | MAJOR DESCRIPTION | CODE Major/Minor | MINOR DESCRIPTION |
|---|---|---|---|---|---|
| Contracts | C 00 | Construction - All other | Property | P 00 | Foreclosure |
| | C 10 | Construction - State and Local | | P 10 | Partition |
| | C 20 | Insurance Policy | | P 20 | Quiet Title/Discharge of Mortgage or Lien |
| | C 30 | Specific Performance | | P 30 | Asset Forfeiture |
| | C 40 | Collections | | P 90 | All other |
| | C 50 | Uninsured/Underinsured Motorist Coverage | | | |
| | C 60 | Uniform Limited Liability Company Act – C.G.S. 34-243 | | | |
| | C 90 | All other | Torts (Other than Vehicular) | T 02 | Defective Premises - Private - Snow or Ice |
| | | | | T 03 | Defective Premises - Private - Other |
| Eminent Domain | E 00 | State Highway Condemnation | | T 11 | Defective Premises - Public - Snow or Ice |
| | E 10 | Redevelopment Condemnation | | T 12 | Defective Premises - Public - Other |
| | E 20 | Other State or Municipal Agencies | | T 20 | Products Liability - Other than Vehicular |
| | E 30 | Public Utilities & Gas Transmission Companies | | T 28 | Malpractice - Medical |
| | E 90 | All other | | T 29 | Malpractice - Legal |
| | | | | T 30 | Malpractice - All other |
| Housing | H 10 | Housing - Return of Security Deposit | | T 40 | Assault and Battery |
| | H 12 | Housing - Rent and/or Damages | | T 50 | Defamation |
| | H 40 | Housing - Housing - Audita Querela/Injunction | | T 61 | Animals - Dog |
| | H 50 | Housing - Administrative Appeal | | T 69 | Animals - Other |
| | H 60 | Housing - Municipal Enforcement | | T 70 | False Arrest |
| | H 90 | Housing - All Other | | T 71 | Fire Damage |
| | | | | T 90 | All other |
| Miscellaneous | M 00 | Injunction | Vehicular Torts | V 01 | Motor Vehicles* - Driver and/or Passenger(s) vs. Driver(s) |
| | M 10 | Receivership | | V 04 | Motor Vehicles* - Pedestrian vs. Driver |
| | M 15 | Receivership for Abandoned/Blighted Property | | V 05 | Motor Vehicles* - Property Damage only |
| | M 20 | Mandamus | | V 06 | Motor Vehicle* - Products Liability Including Warranty |
| | M 30 | Habeas Corpus (extradition, release from Penal Institution) | | V 09 | Motor Vehicle* - All other |
| | M 40 | Arbitration | | V 10 | Boats |
| | M 50 | Declaratory Judgment | | V 20 | Airplanes |
| | M 63 | Bar Discipline | | V 30 | Railroads |
| | M 66 | Department of Labor Unemployment Compensation Enforcement | | V 40 | Snowmobiles |
| | | | | V 90 | All other *Motor Vehicles include cars, trucks, motorcycles, and motor scooters. |
| | M 68 | Bar Discipline - Inactive Status | | | |
| | M 70 | Municipal Ordinance and Regulation Enforcement | | | |
| | M 80 | Foreign Civil Judgments - C.G.S. 52-604 & C.G.S. 50a-30 | | | |
| | M 83 | Small Claims Transfer to Regular Docket | Wills, Estates and Trusts | W 10 | Construction of Wills and Trusts |
| | M 84 | Foreign Protective Order | | W 90 | All other |
| | M 89 | CHRO Action in the Public Interest - P.A. 19-93 | | | |
| | M 90 | All other | | | |

| | | |
|---|---|---|
| RETURN DATE: OCTOBER 6, 2020 | : | SUPERIOR COURT |
| PETER HILL-RICCIUTI | : | JUDICIAL DISTRICT OF LITCHFIELD |
| v. | : | AT TORRINGTON |
| TARGET STORES, INC. a/k/a TARGET CORP. | : | AUGUST 27, 2020 |

## COMPLAINT

### COUNT ONE – PREMISES LIABILITY

1. At all times relevant to this Complaint, Plaintiff, PETER HILL-RICCIUTI, was a resident of the State of Connecticut, residing at 119 Spencer Road, Torrington, Connecticut 06790.

2. At all times relevant to this Complaint, Defendant, TARGET STORES, INC., a/k/a TARGET CORP. (hereinafter "Defendant"), is and has been at all times relevant hereto a Minnesota corporation, having a principal place of business at 1000 Nicollet Mall, Minneapolis, Minnesota 55403, and has been registered and authorized to do business, and was doing business, in the State of Connecticut.

3. At all times relevant to this Complaint, Defendant owned, operated, maintained, possessed and/or had control over a shopping store that sells retail goods and general merchandise to the general public located at 1922 East Main Street,

1

Torrington, Connecticut 06790, (hereinafter the "Store"), and was authorized to do business, and was doing business, in the State of Connecticut.

4. On or about September 3, 2018, Plaintiff was an invitee shopping at Defendant's Store.

5. At that time and place, Plaintiff was walking down an aisle of the Store when he slipped on an accumulation of clear liquid on the floor and fell down thereby causing the injuries and losses more particularly hereinafter set forth.

6. Defendant provided inadequate warning and notice to Plaintiff of the unsafe, dangerous, or defective condition existing therein.

7. As a result of the aforementioned negligence and/or carelessness of Defendant, Plaintiff, sustained serious, permanent, and disabling injuries which are more particularly hereinafter set forth.

8. Plaintiff's injuries, damages, and losses were proximately caused by the defective condition of Defendant's premises and the negligence or carelessness or Defendant in one or more of the following aspects:

    a. In that Defendant created a hazardous condition, by leaving clear liquid on the floor, so that Plaintiff would be caused to slip;

    b. In that Defendant allowed a dangerous condition or conditions to exist upon its premises—specifically, clear liquid on the floor where Defendant knew, or should have known, that customer traffic

would occur and would create an unreasonable risk of harm to invitees such as Plaintiff;

c. In that Defendant failed to properly maintain the premises where Plaintiff fell, in a safe condition—specifically keep the store's floor clean of clear liquid accumulation, although in the reasonable exercise of due care, it could have and/or should have done so;

d. In that Defendant failed to provide proper warning to Plaintiff and/or invitees of the existence of a dangerous condition—specifically, the accumulation of clear liquid on the floor, although in the reasonable exercise of due care, it could have and/or should have done so by erecting one or more warning signs, barriers, and/or caution tape;

e. In that Defendant failed to properly inspect the premises to determine whether a dangerous condition such as the accumulation of clear liquid on the floor existed upon the premises in such a manner so as to endanger the safety of invitees such as Plaintiff, although in the exercise of reasonable care it could have and should have done so;

f. In that Defendant failed to take proper steps to remove, correct, and/or remedy the existence of a dangerous condition—

3

specifically, failed to remove, mop, or clean up the accumulation of clear liquid on the floor, under circumstances where it knew or should have known that harm to invitees such as Plaintiff as a result of said dangerous condition was reasonably foreseeable, and in the exercise of reasonable due care, it could have and/or should have done so;

g. In that Defendant created a dangerous condition by not timely removing, cleaning, and/or remedying the existence of a dangerous condition—specifically, the aforementioned accumulation of clear liquid on the floor, under circumstances where it knew or should have known that harm to invitees such as Plaintiff as a result of said dangerous condition was reasonably foreseeable, and in the exercise of reasonable due care, it could have and/or should have done so; and

h. In that Defendant failed to hire, contract and/or engage diligent agents and/or employees to sufficiently maintain, manage and control the condition of the store floor so as to maintain safe conditions for invitees such as Plaintiff.

4

9. As a proximate result of said defective condition of Defendant's premises and the negligence or carelessness of Defendant's, its agents, servants, and employees, Plaintiff sustained the following injuries of a serious, painful, and permanent nature:

    a. Blunt force trauma to the left knee;

    b. Left patellar dislocation with chrondral injuries on the central and medial aspects of the patella including a medial patellofemoral ligament rupture;

    c. Left knee joint effusion with synovitis;

    d. Loss of strength of the left knee;

    e. Truncated range of motion of the left knee;

    f. Gait pattern limitations;

    g. Pain and soreness of the left knee; and

    h. Pain, suffering, and emotional distress.

10. As a further result of Defendant's negligence or carelessness, Plaintiff, received permanent damage to his left knee. He has endured and will continue to endure for an indefinite period of time great mental and physical pain and suffering.

11. As a further result of Defendant's negligence or carelessness, Plaintiff has been and will be permanently restricted and deprived of usual pleasures, pursuits, diversions, and recreations of life.

12. As a further result of Defendant's negligence or carelessness, Plaintiff has undergone medical examinations, physical therapy, radiological examinations, and has been administered powerful medications in an effort to treat, cure, and alleviate his injuries and conditions.

13. As a further result of Defendant's negligence and carelessness, Plaintiff has undergone multiple surgical/operative interventions including:

    a. Left knee arthroscopy, chondroplasty of patella, laterally patella release, medial patellofemoral ligament reconstruction with semitendinosus allograft;

    b. Ultrasound injection of the left medial knee calcific deposit; and

    c. Second left knee arthroscopy, chrondroplasty of patella, removal of deep implant of knee and open debridement of medial epicondyle of knee.

14. As a further result of Defendant's negligence or carelessness, Plaintiff has incurred and will continue to incur medical expenses in an effort to treat, cure, and alleviate his injuries and conditions.

15. As a further results of Defendant's negligence and carelessness, and the injuries and conditions caused thereby, Plaintiff has lost wages.

16. As a further proximate result of Defendant's negligence and the injuries and conditions caused thereby, Plaintiff has had his ability to carry out and enjoy life's activities impaired.

6

17. As a further proximate result of Defendant's negligence and the injuries and conditions caused thereby, Plaintiff has experienced and will continue to experience anxiety, pain, suffering and emotional distress as to the course his injuries and conditions will take and his future ability to carry out and enjoy day-to-day activities.

## COUNT TWO — MODE OF OPERATION

1. At all times relevant to this Complaint, Plaintiff, PETER HILL-RICCIUTI, was a resident of the State of Connecticut, residing at 119 Spencer Road, Torrington, CT 06790.

2. At all times relevant to this Complaint, Defendant, TARGET STORES, INC., a/k/a TARGET CORP. (hereinafter "Defendant"), is and has been at all times relevant hereto a Minnesota corporation, having a principal place of business at 1000 Nicollet Mall, Minneapolis, Minnesota 55403, and has been registered and authorized to do business, and was doing business, in the State of Connecticut.

3. At all times relevant to this Complaint, Defendant owned, operated, maintained, possessed and/or had control over a shopping store that sells retail goods and general merchandise to the general public located at 1922 East Main Street, Torrington, Connecticut 06790, (hereinafter the "Store"), and was authorized to do business, and was doing business, in the State of Connecticut.

7

4. On or about September 3, 2018, Plaintiff was an invitee shopping at Defendant's Store.

5. At that time and place, Plaintiff was walking down an aisle of the Store when he slipped on an accumulation of clear liquid on the floor and fell down thereby causing the injuries and losses more particularly hereinafter set forth.

6. Defendant provided inadequate notice and warning to Plaintiff of the unsafe, dangerous, or defective condition existing therein.

7. As a result of the aforementioned negligence and/or carelessness of Defendant, Plaintiff, sustained serious, permanent, and disabling injuries where are more particularly hereinafter set forth.

8. These injuries were caused by the negligence of Defendant, its agents, servants and/or employees or any one or more of the aforementioned in that the mode of operation of Defendant's business gave rise to a foreseeable risk of injury to customers and Plaintiff's injury was proximately caused by an accident within the zone of risk.

9. As a proximate result of said defective condition of Defendant's premises and the negligence or carelessness of Defendant's, its agents, servants, and employees, Plaintiff sustained the following injuries of a serious, painful, and permanent nature:

   a. Blunt force trauma to the left knee;

8

    b. Left patellar dislocation with chrondral injuries on the central and medial aspects of the patella including a medial patellofemoral ligament rupture;

    c. Left knee joint effusion with synovitis;

    d. Loss of strength of the left knee;

    e. Truncated range of motion of the left knee;

    f. Gait pattern limitations;

    g. Pain and soreness of the left knee; and

    h. Pain, suffering, and emotional distress.

10. As a further result of Defendant's negligence or carelessness, Plaintiff, received permanent damage to his left knee. He has endured and will continue to endure for an indefinite period of time great mental and physical pain and suffering.

11. As a further result of Defendant's negligence or carelessness, Plaintiff has been and will be permanently restricted and deprived of usual pleasures, pursuits, diversions, and recreations of life.

12. As a further result of Defendant's negligence or carelessness, Plaintiff has undergone medical examinations, physical therapy, radiological examinations, and has been administered powerful medications in an effort to treat, cure, and alleviate his injuries and conditions.

13. As a further result of Defendant's negligence and carelessness, Plaintiff has undergone multiple surgical/operative interventions including:

   a. Left knee arthroscopy, chondroplasty of patella, laterally patella release, medial patellofemoral ligament reconstruction with semitendinosus allograft;

   b. Ultrasound injection of the left medial knee calcific deposit; and

   c. Second left knee arthroscopy, chrondroplasty of patella, removal of deep implant of knee and open debridement of medial epicondyle of knee.

14. As a further result of Defendant's negligence or carelessness, Plaintiff has incurred and will continue to incur medical expenses in an effort to treat, cure, and alleviate his injuries and conditions.

15. As a further results of Defendant's negligence and carelessness, and the injuries and conditions caused thereby, Plaintiff has lost wages.

16. As a further proximate result of Defendant's negligence and the injuries and conditions caused thereby, Plaintiff has had his ability to carry out and enjoy life's activities impaired.

17. As a further proximate result of Defendant's negligence and the injuries and conditions caused thereby, Plaintiff has experienced and will continue to experience anxiety, pain, suffering and emotional distress as to the course his injuries and conditions will take and his future ability to carry out and enjoy day-to-day activities.

WHEREFORE, Plaintiff claims:

10

As to Count One:

1. Money damages;

2. All other remedies in law the Court deems just.

As to Count Two:

1. Money damages;

2. All other remedies in law the Court deems just.

THE PLAINTIFF,
PETER HILL-RICCIUTI,

By: _____
Christopher J. Sochacki, Esq., Juris #415849
csochacki@cramer-anderson.com
CRAMER & ANDERSON LLP, Juris #012732
46 West Street
P.O. Box 278
Litchfield, CT 06759
Phone (860) 567-8718

11

| | | |
|---|---|---|
| RETURN DATE: OCTOBER 6, 2020 | : | SUPERIOR COURT |
| PETER HILL-RICCIUTI | : | JUDICIAL DISTRICT OF LITCHFIELD |
| v. | : | AT TORRINGTON |
| TARGET STORES, INC. a/k/a TARGET CORP. | : | AUGUST 27, 2020 |

## STATEMENT OF AMOUNT IN DEMAND

The amount in demand is equal to or greater than Fifteen Thousand Dollars ($15,000.00), exclusive of interest and costs.

THE PLAINTIFF,
PETER HILL-RICCIUTI,

By: _____
Christopher J. Sochacki, Esq., Juris #415849
csochacki@cramer-anderson.com
CRAMER & ANDERSON LLP, Juris #012732
46 West Street
P.O. Box 278
Litchfield, CT 06759
Phone (860) 567-8718